Richard R. Barker
Acting United States Attorney
Eastern District of Washington
Michael J. Ellis
Nowles H. Heinrich
Assistant United States Attorneys
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

FILED IN THE U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

JUN 2 5 2025

SEAN F. McAVOY, CLERK
SPOKANE, WASHINGTON

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 2:24-CR-00134-TOR-1 |
| Plaintiff, | Plea Agreement |
| v. | Fed. R. Crim. P. 11(c)(1)(C) |
| ADAM LEE SIJOHN, | |
| Defendant. | |

Plaintiff United States of America, by and through Richard R. Barker, Acting United States Attorney the Eastern District of Washington, and Michael J. Ellis and Nowles H. Heinrich, Assistant United States Attorneys for the Eastern District of Washington, and Defendant Adam Lee SiJohn ("Defendant"), both individually and by and through Defendant's counsel, David Partovi, agree to the following Plea Agreement.

1.     Guilty Plea and Maximum Statutory Penalties

Defendant agrees to enter a plea of guilty to Count 2 of the Indictment filed on October 2, 2024, which charges Defendant with Assault Resulting in Serious Bodily Injury in Indian Country, in violation of 18 U.S.C. §§ 113(a)(6), 1153, 2, a Class C felony.

//

PLEA AGREEMENT - 1

Defendant understands that the following potential penalties apply:

    a.    a term of imprisonment of not more than ten (10) years;

    b.    a term of supervised release of not more than three (3) years;

    c.    a fine of up to $250,000; and

    d.    a $100 special penalty assessment.

2.    <u>Supervised Release</u>

Defendant understands that if Defendant violates any condition of Defendant's supervised release, the Court may revoke Defendant's term of supervised release, and require Defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post release supervision, up to the following terms:

    a.    ·5 years in prison if the offense that resulted in the term of Supervised Release is a class A felony,

    b.    3 years in prison if the offense that resulted in the term of Supervised Release is a class B felony, and/or

    c.    2 years in prison if the offense that resulted in the term of Supervised Release is a class C felony.

Accordingly, Defendant understands that if Defendant commits one or more violations of supervised release, Defendant could serve a total term of incarceration greater than the maximum sentence authorized by statute for Defendant's offense or offenses of conviction.

3.    <u>The Court is Not a Party to this Plea Agreement</u>

The Court is not a party to this Plea Agreement and may accept or reject it. Defendant acknowledges that no promises of any type have been made to Defendant with respect to the sentence the Court will impose in this matter.

Defendant understands the following:

    a.    sentencing is a matter solely within the discretion of the Court;

PLEA AGREEMENT - 2

b. the Court is under no obligation to accept any recommendations made by the United States or Defendant;

c. the Court will obtain an independent report and sentencing recommendation from the United States Probation Office;

d. the Court may exercise its discretion to impose any sentence it deems appropriate, up to the statutory maximum penalties;

e. the Court is required to consider the applicable range set forth in the United States Sentencing Guidelines, but may depart or vary upward or downward under certain circumstances; and

f. Defendant understands that this Plea Agreement contains sentencing recommendations pursuant to Fed. R. Crim. P. 11(c)(1)(C). As a result, the United States may withdraw from this Plea Agreement if the Court imposes a lesser sentence than agreed upon, and Defendant may withdraw from this Plea Agreement if the Court imposes a harsher sentence than agreed upon.

4. <u>Potential Immigration Consequences of Guilty Plea</u>

If Defendant is not a citizen of the United States, Defendant understands the following:

a. pleading guilty in this case may have immigration consequences;

b. a broad range of federal crimes may result in Defendant's removal from the United States, including the offense to which Defendant is pleading guilty;

c. removal from the United States and other immigration consequences are the subject of separate proceedings; and

PLEA AGREEMENT - 3

d. no one, including Defendant's attorney or the Court, can predict with absolute certainty the effect of a federal conviction on Defendant's immigration status.

Defendant affirms that Defendant is knowingly, intelligently, and voluntarily pleading guilty as set forth in this Plea Agreement, regardless of any immigration consequences that Defendant's guilty plea may entail.

5. Waiver of Constitutional Rights

Defendant understands that by entering this guilty plea, Defendant is knowingly and voluntarily waiving certain constitutional rights, including the following:

a. the right to a jury trial;

b. the right to see, hear and question the witnesses;

c. the right to remain silent at trial;

d. the right to testify at trial; and

e. the right to compel witnesses to testify.

While Defendant is waiving certain constitutional rights, Defendant understands that Defendant retains the right to be assisted by an attorney through the sentencing proceedings in this case and any direct appeal of Defendant's conviction and sentence, and that an attorney will be appointed at no cost if Defendant cannot afford to hire an attorney.

Defendant understands and agrees that any defense motions currently pending before the Court are mooted by this Plea Agreement, and Defendant expressly waives Defendant's right to bring any additional pretrial motions.

6. Elements of the Offense

The United States and Defendant agree that, in order to convict Defendant of Assault Resulting in Serious Bodily Injury in Indian Country, in violation of 18 U.S.C. §§ 113(a)(6), 1153, 2, the United States would have to prove the following beyond a reasonable doubt.

PLEA AGREEMENT - 4

a. *First*, on or about June 18, 2023, within the Eastern District of Washington, Defendant assaulted T.B. by intentionally striking and wounding him;

b. *Second*, as a result, T.B. suffered serious bodily injury;

c. *Third*, the assault occurred within the external boundaries of the Kalispel Indian Reservation, in Indian Country; and

d. *Fourth*, Defendant is an Indian.

7. <u>Factual Basis and Statement of Facts</u>

The United States and Defendant stipulate and agree to the following: the facts set forth below are accurate; the United States could prove these facts beyond a reasonable doubt at trial; and these facts constitute an adequate factual basis for Defendant's guilty plea.

The United States and Defendant agree that this statement of facts does not preclude either party from presenting and arguing, for sentencing purposes, additional facts that are relevant to the Sentencing Guidelines computation or sentencing.

On June 18, 2023, officers with the Kalispel Tribal Police Department were dispatched to T.B.'s location by the Northern Quest Resort & Casino. T.B. reported that he had – shortly before contacting law enforcement – been assaulted in co-defendant Cheyenne Rosalie Ford's apartment. The apartment where the assault occurred is within the external boundaries of the Kalispel Indian Reservation, in Indian Country.

T.B. stated that he had gone to co-defendant Ford's apartment to sell co-defendant Ford a firearm that Defendant had left in T.B.'s vehicle. After T.B. arrived at co-defendant Ford's apartment, Defendant and co-defendant Ford assaulted T.B., striking him repeatedly.

PLEA AGREEMENT - 5

Law enforcement observed that T.B. had numerous cuts and bruises as well as a chipped front tooth. T.B. was treated at Deaconess Hospital and found to have a broken nose, multiple facial lacerations, and bruising on the side of his neck.

Law enforcement executed a search warrant on co-defendant Ford's apartment and found multiple red stains on clothing, a bed spread, and window blinds. Samples of the red staining were sent to the Washington State Patrol Crime Laboratory for analysis; all samples were found to contain T.B.'s DNA.

Defendant stipulates that Defendant – along with co-defendant Ford – assaulted T.B. on June 18, 2023, at co-defendant Ford's apartment.[1] Defendant further stipulates that, as a result of the assault, T.B. suffered serious bodily injury through the extreme physical pain and protracted and obvious disfigurement following T.B.'s broken nose. Defendant further stipulates that the assault occurred within the external boundaries of the Kalispel Indian Reservation, in Indian Country, and that Defendant, with a quantum of Indian blood and as an enrolled member of the Coeur d'Alene Tribe, is an Indian.

8.    The United States' Agreements

The United States Attorney's Office for the Eastern District of Washington agrees that at the time of sentencing, the United States will move to dismiss Counts 1, 3, 4, and 5 of the Indictment filed on October 2, 2024, which charge Defendant with Assault with a Dangerous Weapon in Indian Country, in violation of 18 U.S.C. §§ 113(a)(3), 1153, 2 (Count 1); Assault with Intent to Commit a Felony in Indian Country, in violation of 18 U.S.C. §§ 113(a)(2), 1153, 2 (Count 3); Robbery in Indian Country, in violation of 18 U.S.C. §§ 2111, 1153, 2

---

[1] Defendant maintains that T.B. began the fight by assaulting Defendant. The United States neither agrees with nor stipulates to Defendant's assertion. Defendant agrees, however, that even assuming T.B. started the fight, Defendant used more force than reasonably necessary under the circumstances in response to any force used by T.B. and this additional and unreasonable force caused T.B. to suffer serious bodily injury.

PLEA AGREEMENT - 6

(Count 4), and Brandishing a Firearm During a Crime of Violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii), 2 (Count 5).

The United States Attorney's Office for the Eastern District of Washington agrees not to bring additional charges against Defendant based on information in its possession at the time of this Plea Agreement that arise from conduct that is either charged in the Indictment or identified in discovery produced in this case, unless Defendant breaches this Plea Agreement before sentencing.

9.  United States Sentencing Guidelines Calculations

Defendant understands and acknowledges that the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") apply and that the Court will determine Defendant's advisory range at the time of sentencing.

a.  Base Offense Level

The United States and Defendant stipulate and agree that the base offense level for Assault Resulting in Serious Bodily Injury in Indian Country is fourteen (14). *See* U.S.S.G. § 2A2.2(a).

b.  Specific Offense Characteristics

The United States and Defendant stipulate and agree that the base offense level is increased by five (5) levels as T.B. sustained serious bodily injury. *See* U.S.S.G. § 2A2.2(b)(3)(B).

Defendant acknowledges that the United States intends to argue that the base offense level is increased by an additional four (4) levels as a dangerous weapon was otherwise used. *See* U.S.S.G. § 2A2.2(b)(2)(B). Defendant reserves the right to object to a four (4) level increase under U.S.S.G. § 2A2.2(b)(2)(B).

c.  Acceptance of Responsibility

The United States will recommend that Defendant receive a three-level downward adjustment for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1(a), (b) if Defendant does the following:

i.  accepts this Plea Agreement;

PLEA AGREEMENT - 7

ii.      enters a guilty plea at the first Court hearing that takes place after the United States offers this Plea Agreement;

iii.     demonstrates recognition and affirmative acceptance of Defendant's personal responsibility for Defendant's criminal conduct;

iv.    provides complete and accurate information during the sentencing process; and

v.    does not commit any obstructive conduct.

The parties agree that, at its option and on written notice to Defendant, the United States may elect not to recommend a reduction for acceptance of responsibility if, before sentencing, Defendant is convicted of any criminal offense or, if Defendant tests positive for any controlled substance.

      d.    <u>Agreements Regarding Representations to the Court</u>

The United States has a duty of candor to the tribunal. If the United States and Defendant do not agree on the appropriate length of incarceration, the appropriate length or applicable terms of supervised release, and/or the correct guidelines calculations, variances, departures, and/or enhancements, the United States reserves the right to respond to any and all arguments made by Defendant, on any bases the United States deems appropriate, at all stages of this criminal case.

Defendant may make any arguments it deems appropriate, at all stages of this criminal case.

With regard to all briefing, submissions, and hearings in this criminal case, the United States and Defendant agree to the following provisions:

i.      The United States and Defendant may each respond to any questions from the Court or United States Probation Office;

PLEA AGREEMENT - 8

ii. The United States and Defendant may each supplement the facts under consideration by the Court by providing information the United States or Defendant deems relevant;

iii. The United States and Defendant may each present and argue any additional facts that the United States or Defendant believe are relevant to the Sentencing Guidelines computation or sentencing;

iv. The United States and Defendant may each present and argue information that may already be known to the Court, including information contained in the Presentence Investigation Report;

v. The United States and Defendant may each respond to any arguments presented by the other;

vi. In order to support the United States' sentencing recommendation as set forth herein, the United States may oppose and argue against any defense argument or any recommendation for any sentence lower than the sentence recommended by the United States on any basis, including arguments for a lower offense level, a lower criminal history calculation, the application or non-application of any sentencing enhancement or departure, and/or any variance from the Guidelines range as calculated by the Court;

vii. In order to support the defense sentencing recommendation as set forth herein, Defendant may oppose and argue against any argument by the United States, or any recommendation for any sentence higher

than the sentence recommended by the defense on any basis, including arguments for a higher offense level, a higher criminal history calculation, the application or non-application of any sentencing enhancement or departure, and/or any variance from the Guidelines range as calculated by the Court;

viii. The United States may make any sentencing arguments the United States deems appropriate so long as they are consistent with this Plea Agreement, including arguments arising from Defendant's uncharged conduct, conduct set forth in charges that will be dismissed pursuant to this Plea Agreement, and Defendant's relevant conduct; and.

ix. Defendant may make any sentencing arguments consistent with this Plea Agreement Defendant deems appropriate.

e. No Other Agreements

The United States and Defendant have no other agreements regarding the Guidelines or the application of any Guidelines enhancements, departures, or variances.

f. Criminal History

The parties have no agreement and make no representations about Defendant's criminal history category, which will be determined by the Court after the United States Probation Office prepares and discloses a Presentence Investigation Report.

10. Incarceration

Defendant acknowledges that this Plea Agreement is entered pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) ("Rule 11(c)(1)(C)"). Pursuant to Rule 11(c)(1)(C), the United States and Defendant agree to recommend a sentence

PLEA AGREEMENT - 10

of thirty-six (36) months imprisonment. Although the United States and Defendant agree to make the above recommendation to the Court pursuant to Rule 11(c)(1)(C), Defendant acknowledges that no promises of any type have been made to Defendant with respect to the sentence the Court will ultimately impose.

At the time of Defendant's original sentencing in the District Court, the United States agrees to make a sentencing recommendation to the Court that is consistent with this Plea Agreement. The United States' agreement to make such a recommendation is limited exclusively to the time of Defendant's original sentencing in the District Court. The United States' agreement to make such a recommendation does not prohibit or limit in any way the United States' ability to argue for or against any future sentencing modification that takes place after Defendant's original sentencing in the District Court, whether that modification consists of an amendment to the Guidelines, a change to a statutory minimum or maximum sentence, any form of compassionate release, any violation of Supervised Release, or any other modification that is known or unknown to the parties at the time of Defendant's original criminal sentencing. In this Plea Agreement, the United States makes no promises or representations about what positions the United States will take or recommendations the United States will make in any proceeding that occurs after Defendant's original sentencing in the District Court.

Defendant understands that Defendant may withdraw from this Plea Agreement if the Court imposes a term of imprisonment of greater than 36 months or indicates its intent to do so. Defendant also understands that the United States may withdraw from this Plea Agreement if the Court imposes a term of imprisonment of less than 36 months or indicates its intent to do so.

The United States and Defendant acknowledge that the imposition of any fine, restitution, term or conditions of Supervised Release are not part of the Rule 11(c)(1)(C) nature of this Plea Agreement; that the United States and

PLEA AGREEMENT - 11

Defendant are free to make any recommendations they deem appropriate as to the imposition of fines, restitution, term or conditions of Supervised Release; and that the Court will exercise its discretion in this regard. The United States and Defendant acknowledge that the Court's decisions regarding the imposition of fines, restitution, term or conditions of Supervised Release will not provide bases for Defendant to withdraw Defendant's guilty plea or withdraw from this Rule 11(c)(1)(C) Plea Agreement.

Defendant acknowledges that if either the United States or Defendant successfully withdraws from this Plea Agreement, the Plea Agreement becomes a nullity, and the United States is no longer bound by any representations within it.

11. Supervised Release

The United States and Defendant jointly agree to recommend that the Court impose a three (3) year term of supervised release. Defendant agrees that the Court's decision regarding the term and conditions of Supervised Release is final and non-appealable; that is, even if Defendant is unhappy with the conditions of Supervised Release ordered by the Court, that will not be a basis for Defendant to withdraw Defendant's guilty plea, withdraw from this Plea Agreement, or appeal any condition of the Supervise Release.

The United States and Defendant agree to recommend that in addition to the standard conditions of supervised release imposed in all cases in this District, the Court should also impose the following conditions:

> (a) that Defendant participate and complete such drug testing and drug treatment programs as the Probation Officer directs, but not to exceed six non-treatment drug tests per month during the imposed term of supervised release;

> (b) that Defendant's person, residence, office, vehicle, and belongings are subject to search, at a sensible time and manner, at the direction of

PLEA AGREEMENT - 12

the Probation Officer, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision;

(c) that Defendant shall complete such mental health evaluations and treatment as the Probation Officer directs;

(d) that Defendant have no contact with any identified witness, victim, or family member of a victim identified in this case; and

(e) that Defendant have no contact with and not enter onto any property controlled by the Kalispel Tribe of Indians.

12. Criminal Fine

The United States and Defendant agree to recommend that no fine be imposed. Defendant agrees that the Court's decision regarding a fine is final and non-appealable; that is, even if Defendant is unhappy with any fine ordered by the Court, that will not be a basis for Defendant to withdraw Defendant's guilty plea, withdraw from this Plea Agreement, or appeal any fine imposed.

13. Mandatory Special Penalty Assessment

Defendant agrees to pay the $100 mandatory special penalty assessment to the Clerk of Court for the Eastern District of Washington. *See* 18 U.S.C. § 3013.

14. Restitution

The United States and Defendant agree that restitution is appropriate and mandatory, without regard to Defendant's economic situation, pursuant to 18 U.S.C. §§ 3663A, 3664, for the offense conduct to which Defendant has pled guilty for all victims, as defined by 18 U.S.C. § 3663A(a)(2), who were directly and proximately harmed by the offense conduct, including any representatives of any victim's estate. Furthermore, pursuant to 18 U.S.C. § 3663A(a)(3), Defendant voluntarily agrees to pay restitution for all losses, as defined by 18 U.S.C. § 3663A(b)(2)-(4), caused by Defendant's individual conduct, in exchange for the United States not bringing additional potential charges, regardless of whether

PLEA AGREEMENT - 13

counts associated with such losses will be dismissed as part of this Plea Agreement.

With respect to restitution, the United States and Defendant agree to the following:

### a.    Restitution Amount and Interest

The United States and Defendant stipulate and agree that, pursuant to 18 U.S.C. §§ 3663, 3663A and 3664, the Court should order restitution in an amount to be determined at sentencing, and that any interest on this restitution amount, if any, should be waived.

The United States and Defendant stipulate and agree that restitution shall be ordered to T.B. and/or any third-party compensating T.B., including Crime Victim's Compensation. 18 U.S.C. § 3664(j)(1).

### b.    Payments

To the extent restitution is ordered, the United States and Defendant agree that the Court will set a restitution payment schedule based on Defendant's financial circumstances. 18 U.S.C. § 3664(f)(2), (3)(A). Regardless, Defendant agrees to pay not less than 10% of Defendant's net monthly income towards restitution.

### c.    Treasury Offset Program and Collection

Defendant understands the Treasury Offset Program ("TOP") collects delinquent debts owed to federal agencies. If applicable, the TOP may take part or all of Defendant's federal tax refund, federal retirement benefits, or other federal benefits and apply these monies to Defendant's restitution obligations. 26 U.S.C. § 6402(d); 31 U.S.C. § 3720A; 31 U.S.C. § 3716.

Defendant understands that the United States may, notwithstanding the Court-imposed payment schedule, pursue other avenues to ensure the restitution obligation is satisfied, including, but not limited to, garnishment of available funds, wages, or assets. 18 U.S.C. §§ 3572, 3613, and 3664(m).

PLEA AGREEMENT - 14

Nothing in this acknowledgment shall be construed to limit Defendant's ability to assert any specifically identified exemptions as provided by law, except as set forth in this Plea Agreement.

Until Defendant's fine and restitution obligations are paid in full, Defendant agrees fully to disclose all assets in which Defendant has any interest or over which Defendant exercises control, directly or indirectly, including those held by a spouse, nominee or third party.

Until Defendant's fine and restitution obligations are paid in full, Defendant agrees to provide waivers, consents, or releases requested by the U.S. Attorney's Office to access records to verify the financial information.

### d. Notifications and Waivers

Defendant agrees to notify the Court and the United States of any material change in Defendant's economic circumstances (e.g., inheritances, monetary gifts, changed employment, or income increases) that might affect Defendant's ability to pay restitution. 18 U.S.C. § 3664(k). Defendant also agrees to notify the United States of any address change within 30 days of that change. 18 U.S.C. § 3612(b)(1)(F). These obligations cease when Defendant's fine and restitution obligations are paid in full.

Defendant acknowledges that the Court's decision regarding restitution is final and non-appealable; that is, even if Defendant is unhappy with the amount of restitution ordered by the Court, that will not be a basis for Defendant to withdraw Defendant's guilty plea, withdraw from this Plea Agreement, or appeal Defendant's conviction, sentence, or restitution order.

### 15. Payments While Incarcerated

If Defendant lacks the financial resources to pay the monetary obligations imposed by the Court, Defendant agrees to earn money toward these obligations by participating in the Bureau of Prisons' Inmate Financial Responsibility Program.

//

PLEA AGREEMENT - 15

### 16. Additional Violations of Law Can Void Plea Agreement

The United States and Defendant agree the United States may, at its option and upon written notice to Defendant, withdraw from this Plea Agreement or modify its sentencing recommendation if, before sentencing, Defendant is convicted of any criminal offense or tests positive for any unlawful controlled substance.

### 17. Waiver of Appeal Rights

Defendant understands that Defendant has a limited right to appeal or challenge Defendant's conviction and the sentence imposed by the Court.

Defendant expressly waives Defendant's right to appeal any aspect of Defendant's conviction and/or the sentence the Court imposes, on any grounds, so long as the Court imposes a term of imprisonment consistent with this Rule 11(c)(1)(C) Plea Agreement.

Defendant further expressly agrees that, should the Court indicate its intent to impose a sentence above the Rule 11(c)(1)(C) terms of this Plea Agreement, Defendant agrees that Defendant has fourteen (14) days from the sentencing hearing to file with the Court a notice of withdrawal from the Rule 11(c)(1)(C) Plea Agreement. Defendant expressly waives Defendant's right to withdraw from the Rule 11(c)(1)(C) Plea Agreement more than fourteen (14) days after the Court either imposes a sentence above the Rule 11(c)(1)(C) terms of this Plea Agreement or indicates its intent to do so.

Defendant expressly waives Defendant's right to appeal any fine, term or conditions of supervised release, or restitution order imposed by the Court.

Defendant expressly waives the right to file any post-conviction motion attacking Defendant's conviction and sentence, including a motion pursuant to 28 U.S.C. § 2255, except one based on ineffective assistance of counsel arising from information not now known by Defendant and which, in the exercise of due diligence, Defendant could not know by the time the Court imposes sentence.

PLEA AGREEMENT - 16

Nothing in this Plea Agreement shall preclude the United States from opposing any post-conviction motion for a reduction of sentence or other attack upon the conviction or sentence, including, but not limited to, writ of habeas corpus proceedings brought pursuant to 28 U.S.C. § 2255.

18. <u>Withdrawal or Vacatur of Defendant's Plea</u>

Should Defendant successfully move to withdraw from this Plea Agreement or should Defendant's conviction be set aside, vacated, reversed, or dismissed under any circumstance, then:

      a.    Any obligations, commitments, or representations made by the United States in this Plea Agreement shall become null and void;

      b.    the United States may prosecute Defendant on all available charges;

      c.    the United States may reinstate any counts that have been dismissed, have been superseded by the filing of another charging instrument, or were not charged because of this Plea Agreement; and

      d.    the United States may file any new charges that would otherwise be barred by this Plea Agreement.

The decision to pursue any or all of these options is solely in the discretion of the United States Attorney's Office.

Defendant agrees to waive any objections, motions, and/or defenses Defendant might have to the United States' decisions to seek, reinstate, or reinitiate charges if a count of conviction is withdrawn, set aside, vacated, reversed, or dismissed, including any claim that the United States has violated Double Jeopardy.

Defendant agrees not to raise any objections based on the passage of time, including but not limited to, alleged violations of any statutes of limitation or any

PLEA AGREEMENT - 17

objections based on the Speedy Trial Act or the Speedy Trial Clause of the Sixth Amendment.

19. Integration Clause

The parties acknowledge that this document constitutes the entire Plea Agreement between the parties, and no other promises, agreements, or conditions exist between the parties concerning the resolution of the case.

This Plea Agreement is binding only on the United States Attorney's Office for the Eastern District of Washington, and cannot bind other federal, state, or local authorities.

The parties agree this Agreement cannot be modified except in a writing that is signed by both parties.

Approvals and Signatures

Agreed and submitted on behalf of the United States Attorney's Office for the Eastern District of Washington.

Richard R. Barker
Acting United States Attorney

_____    6-25-2025
Michael J. Ellis                                Date
Assistant United States Attorney

_____    6/25/25
Nowles H. Heinrich                             Date
Assistant United States Attorney

I have read this Plea Agreement and I have carefully reviewed and discussed every part of this Plea Agreement with my attorney. I understand the terms of this Plea Agreement. I enter into this Plea Agreement knowingly, intelligently, and voluntarily. I have consulted with my attorney about my rights, I understand those

PLEA AGREEMENT - 18

rights, and I am satisfied with the representation of my attorney in this case. No other promises or inducements have been made to me, other than those contained in this Plea Agreement. No one has threatened or forced me in any way to enter into this Plea Agreement. I agree to plead guilty because I am guilty.

Adam Lee SiJohn
Defendant

6-25-25
Date

I have read the Plea Agreement and have discussed the contents of the agreement with my client. The Plea Agreement accurately and completely sets forth the entirety of the agreement between the parties. I concur in my client's decision to plead guilty as set forth in the Plea Agreement. There is no legal reason why the Court should not accept Defendant's guilty plea.

David Partovi
Attorney for Defendant

6-25-25
Date

PLEA AGREEMENT - 19